**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALANI NUTRITION, LLC, a Kentucky Limited Liability Company, | |
| *Plaintiff*, | |
| v. | Civil Action No. |
| BEVERAGE MARKETING USA, Inc., a New York Corporation, ARIZONA BEVERAGE COMPANY, LLC, a New York Corporation, | JURY TRIAL DEMANDED |
| *Defendants*. | |

## COMPLAINT

Plaintiff Alani Nutrition, LLC ("Alani Nu"), by and through undersigned counsel, brings this action to remedy Defendants Beverage Marketing USA, Inc. and Arizona Beverage Company, LLC's (collectively "AriZona") infringement of Alani Nu's federally registered TROPSICLE trademark. Alani Nu seeks injunctive relief and all other remedies available under the law of the United States and the State of Illinois, and alleges as follows:

## NATURE OF ACTION

1. This is an action for (i) trademark infringement under the Lanham Act; (ii) counterfeit of registered mark under the Lanham Act; (iii) unfair competition and false designation of origin under the Lanham Act; (iv) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505; (v) violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

1

2.     Alani Nu is the rightful and exclusive owner of the trademark TROPSICLE in association with energy drink beverages and has been using the TROPSICLE trademark in commerce with a sweet, fruity-flavored ready-to-drink beverage for at least four years.

3.     AriZona has recently launched a sweet, fruity-flavored ready-to-drink beverage under the identical mark "Tropsicle":



4.     AriZona is promoting, selling and distributing its infringing "Tropsicle" beverage nationwide to the same consumers that purchase Alani Nu's beverages sold under its TROPSICLE Mark (as defined herein), including to consumers in Illinois.

5.      AriZona's usage of "Tropsicle" is identical to and confusingly with Alani Nu's TROPSICLE Mark. AriZona's unlawful conduct is causing irreparable harm to the goodwill and reputation of Alani Nu and its TROPSICLE Mark. As a result, Alani Nu has been forced to protect its interests by seeking relief in this Court.

## THE PARTIES

6.     Alani Nutrition, LLC is a limited liability company organized under the laws of Kentucky with an address of 2858 Frankfort Ave, Louisville, Kentucky 40206.

7.     Beverage Marketing USA is, on information and belief, a corporation organized under the laws of New York with an address of 60 Crossways Park Drive West, Woodbury, New York, 11797.

8.     Arizona Beverage Company, LLC is, on information and belief, a limited liability organized under the laws of New York with an address of 60 Crossways Park Drive West, Woodbury, New York, 11797.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114 and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

10.     The Court has supplemental matter jurisdiction of Alani Nu's state law claim under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367, because the claims are joined with substantial and related federal claims, form a part of the same case or controversy, and derive from a common nucleus of operative fact under Article III of the United States Constitution.

11.     AriZona has offered for sale and sold its products, including the infringing products, to consumers in Illinois. AriZona regularly transacts business within the State of Illinois, regularly and purposely directs its business activities toward Illinois and its residents, and derives substantial revenue from products bought by or consumed in Illinois.

12.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 because a substantial portion of the events that give rise to this action occurred within this District. Specifically, AriZona is offering for sale and selling its infringing "Tropsicle" beverage in this District.

## **FACTUAL BACKGROUND**

13.     Founded in 2018, Alani Nu is a health and nutrition company that offers a variety of food and beverage products, including nutritional supplements, energy drinks, protein shakes, coffee drinks, powdered drink mixes, gummy fruit snacks, and protein bars.

14.     Alani Nu's products are sold at, among other outlets, national retailers, convenience stores, and grocery stores, including Target, Kroger, Publix, Sam's Club, Walmart, CVS, 7-Eleven, GNC, Speedway, and The Vitamin Shoppe, as well as online on Amazon and Alani Nu's website at <alaninu.com>.

15.     One of Alani Nu's more popular product lines is its energy drink beverages that come in a variety of sweet and/or fruity flavors:



16.     Alani Nu markets and sells a sweet, fruity-flavored energy drink beverage under the mark "Tropsicle":



17.     Alani Nu owns a U.S. federal trademark registration for the trademark TROPSICLE:

| Mark/Name | Reg. No.<br>App. Ser. No. | App. Date<br>Reg. Date | Full Goods/Services |
|-----------|---------------------------|------------------------|---------------------|
| TROPSICLE | RN: 6437091<br><br>SN: 88951850 | Filed:<br>June 7, 2020<br><br>Registered:<br>August 3, 2021 | Class 32: Energy drinks. |

The above trademark registration is valid and subsisting. A copy of the registration certificate for the trademark TROPSICLE is attached as **Exhibit A**.

18.     In addition to registered rights, Alani Nu has strong common law rights in the trademark TROPSICLE through its extensive use and promotion in interstate commerce.

19.     Alani Nu's federal trademark rights and common law trademark rights in the trademark TROPSICLE are collectively referred to as the "TROPSICLE Mark."

20.     The TROPSICLE Mark serves as a unique source identifier for Alani Nu's beverages.

21. Alani Nu has invested substantially in nationwide advertising and marketing towards building the reputation and goodwill in the TROPSICLE Mark.

22. Alani Nu also promotes its TROPSICLE-branded products on the world wide web, through its own website and social media, and through partnerships with third parties.

23. The TROPSICLE Mark is a fanciful word that was created by Alani Nu as a distinctive designation of source of origin of Alani Nu's sweet, fruity-flavored beverage.

24. The TROPSICLE Mark is uniquely associated with Alani Nu and its high-quality sweet, fruity-flavored beverage.

### ARIZONA'S UNAUTHORIZED USE OF "TROPSICLE"

25. AriZona is the producer of beverages, such as iced tea, cold brew coffee, juice cocktails, hydration beverages, and energy drinks, as well as powdered drink mixes, gummy fruit snacks, water enhancers and ground coffee.

26. AriZona's products are sold at, among other outlets, national retailers, convenience stores, and grocery stores, including Target, Sam's Club, Walmart, CVS, Speedway, and 7-Eleven, as well as online at Amazon.

27. In or around May 2023, AriZona launched a sweet beverage under the brand "Tropsicle" (the "Infringing Tropsicle Product") as part of a contest called "Thirsty Thirty Contest" to celebrate 30 years of its operation.

28. As part of the "Thirsty Thirty Contest," AriZona developed, sold and/or distributed three new beverages for public consumption, namely: the Infringing Tropsicle Product, a Mango Dragon Product, and a Blue Moji Tea Product:







29.     Consumers were encouraged to drink the new beverages and then select or "vote" for their favorite. The beverage winning the contest would be manufactured and nationally distributed by AriZona.

30.     AriZona extensively marketed its Infringing Tropsicle Product on social media and through print advertising. (*See* **Exhibit B**, Compilation of Advertising).

31.     Upon discovering AriZona's usage of the identical mark "Tropsicle" (the "Infringing Tropsicle Mark") with a competing beverage, Alani Nu immediately sent AriZona a letter on May 22, 2023 demanding that AriZona cease and desist from any further use of the mark "Tropsicle" on or in connection with any beverage product. (**Exhibit C**.)

32.     Despite receiving Alani Nu's letter on May 22, 2023, AriZona brazenly announced that its Infringing Tropsicle Product had "won" its "Thirsty Thirty Contest" on June 12 2023, and further announced that it would be manufacturing and mass distributing the Infringing Tropsicle Product in disregard of Alani Nu's rights:



33.    On June 15, 2023, AriZona substantively responded to Alani Nu's letter by declining Alani Nu's demand.

34.    The Infringing Tropsicle Product is currently being offered for sale nationally, including in Illinois, at least at 7-Eleven locations:



35.     AriZona is prominently displaying the Infringing Tropsicle Mark on its Infringing Tropsicle Products.

36.     AriZona's usage of "Tropsicle" is identical to and confusingly similar with Alani Nu's TROPSICLE Mark in appearance, sound, meaning, and commercial impression.

37.     AriZona's continued use of the Infringing Tropsicle Mark with a sweet, fruity-flavored beverage is likely to cause confusion, mistake or falsely suggest that AriZona's beverage is related to, sponsored by, or affiliated with Alani Nu. For instance, both Alani Nu and AriZona are offering ready-to-drink beverages for sale in the same convenience stores to the same consumers. It is likely that a genuine Alani Nu Tropsicle beverage could be next to or in the same refrigerated display as an infringing AriZona Tropsicle beverage at a 7-Eleven store.

38.     AriZona's usage of "Tropsicle" trades off the goodwill and reputation of Alani Nu's identical TROPSICLE Mark.

39.     Consumers are likely to purchase AriZona's Infringing Tropsicle Products, believing that they are associated with, have the same taste or are approved by Alani Nu, thereby resulting in a loss of goodwill to and incurring economic harm by Alani Nu.

40.     On information and belief, AriZona intends to continue using the mark "Tropsicle" without the authorization of Alani Nu, thereby continuing to confuse consumers as to the source or approval of the beverage products.

41.     On information and belief, AriZona knew or had reason to know of Alani Nu's TROPSICLE Mark at the time AriZona commenced use of its Infringing Tropsicle Mark and certainly before any infringing beverage was sold to consumers.

42.     On information and belief, AriZona intentionally and willfully adopted the use of the Infringing Tropsicle Mark so as to create confusion and trade off of Alani Nu's reputation and goodwill under the TROPSICLE Mark.

## **COUNT ONE**

### **(Federal Trademark Infringement – 15 U.S.C. § 1114)**

43.     Alani Nu repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

44.     AriZona's Infringing Tropsicle Mark is confusingly similar to and/or likely to cause confusion with Alani Nu's federal registered TROPSICLE trademark in violation of 15 U.S.C. § 1114.

45.     AriZona is using the mark "Tropsicle," which is identical to and/or substantially indistinguishable from Alani Nu's TROPSICLE Mark in appearance, sound, meaning, and commercial impression, with a sweet, fruity-flavored beverage.

46.     AriZona's usage of "Tropsicle" is likely to cause confusion, deception, and/or mistake by creating a false and misleading impression that AriZona's goods originate from, are associated with, or have the sponsorship, endorsement, or approval of Alani Nu.

47.     AriZona's actions demonstrate intentional, willful, and malicious intent to trade off of the goodwill associated with Alani Nu's TROPSICLE Mark.

48.     AriZona has derived unlawful gains and profits from its unauthorized use of the Infringing Tropsicle Mark.

49.     Unless enjoined by this Court, Alani Nu will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO

### (Counterfeit of Registered Mark – 15 U.S.C. § 1114)

50.     Alani Nu repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

51.     AriZona's Infringing Tropsicle Mark constitutes a "counterfeit mark" pursuant to 15 U.S.C. § 1116(d)(1)

52.     Alani Nu owns a valid United States Trademark Registration for its TROPSICLE Mark.

53.     Well before AriZona's actions complained of herein were committed, Alani Nu had continuously use its TROPSICLE Mark in commerce on or in connection with a sweet, fruity-flavored energy drink beverage.

54.     AriZona is using the spurious mark "Tropsicle," which is identical to or substantially indistinguishable from Alani Nu's TROPSICLE Mark in appearance, sound, meaning, and commercial impression, with a sweet, fruity-flavored beverage.

55.     AriZona's usage of "Tropsicle" is likely to cause to cause confusion, deception, and/or mistake by creating a false and misleading impression that AriZona's goods originate from, are associated with, or have the sponsorship, endorsement, or approval of Alani Nu.

56.     AriZona's usage of an identical "Tropsicle" mark without Alani Nu's consent constitutes willful and intentional infringement and counterfeiting of Alani Nu's TROPSICLE Mark.

57.     AriZona's actions or deliberate inaction demonstrate intentional, willful, and malicious intent to trade off the goodwill associated with Alani Nu's TROPSICLE Mark.

58.     AriZona has derived unlawful gains and profits from their unauthorized use of the Infringing Tropsicle Mark.

59.     Unless enjoined by this Court, Alani Nu will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT THREE

**(Federal Unfair Competition and False Designation of Origin and
False and Misleading Representations – 15 U.S.C. § 1125(a))**

60.     Alani Nu repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

61.     AriZona has created a false association and/or false designation of origin with its goods in violation of 15 U.S.C. § 1125(a).

62.     AriZona is using the mark "Tropsicle," which is identical to and/or substantially indistinguishable from Alani Nu's TROPSICLE Mark in appearance, sound, meaning, and commercial impression, with a sweet, fruity-flavored beverage.

63.     AriZona's usage of "Tropsicle" is likely to cause to cause confusion, deception, and/or mistake by creating a false and misleading impression that AriZona's goods originate from, are associated with, or have the sponsorship, endorsement, or approval of Alani Nu.

64.     AriZona's actions or deliberate inactions demonstrate intentional, willful, and malicious intent to trade off the goodwill associated with Alani Nu's TROPSICLE Mark.

65.     AriZona has derived unlawful gains and profits from their unauthorized use of the Infringing Tropsicle Mark.

66.     Unless enjoined by this Court, Alani Nu will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT FOUR

### (Illinois Deceptive Trade Practices 815 ILCS 510/1 *et seq.*)

67.     Alani Nu repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

68.     The above-described conduct of AriZona constitutes deceptive trade practices in violation of 815 ILCS 510/1 et seq. insofar as it:

(a) passes off goods or services as those of another;

(b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(d) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a

sponsorship, approval, status, affiliation, or connection that he or she does not have; and

(e) represents that goods or services are of a particular standard, quality, or grade.

69.     AriZona's conduct constitutes deceptive trade practices in that its conduct in trade and commerce employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material act.

70.     AriZona has engaged in the above-described conduct willfully, deliberately and with full knowledge of Alani Nu's rights.

71.     AriZona's aforesaid conduct has caused and, unless and until such conduct is restrained and enjoined by this Court, will continue to cause great, immediate, and irreparable injury to Alani Nu, including irreparable injury to its reputation and goodwill.

72.     As the direct and proximate result of AriZona's statutory violations and/or other wrongful conduct, Alani Nu has suffered and will continue to suffer actual injury and the loss of money in an amount to be proven at trial.

73.     AriZona has realized revenue and profits by virtue of its wrongful conduct that it otherwise would not have obtained and to which it is not entitled.

74.     Alani Nu has no adequate remedy at law for AriZona's wrongful conduct.

## COUNT FIVE

### (Illinois Consumer Fraud and Deceptive Business Practices 815 ILCS 505/1 et seq.)

75.     Alani Nu repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

76.     The above-described conduct of AriZona constitutes deceptive trade practices in violation of 815 ILCS 510/1 et seq. insofar as it:

(a) passes off goods or services as those of another;

(b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(d) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; and

(e) represents that goods or services are of a particular standard, quality, or grade.

77.     AriZona's wrongful conduct stated above constitute deceptive business practices in violation of 815 ILCS 505/2.

78.     AriZona has engaged in the above-described conduct willfully and deliberately and with full knowledge of Alani Nu's rights.

79.     AriZona's aforesaid conduct has caused and, unless and until such conduct is restrained and enjoined by this Court, will continue to cause great, immediate, and irreparable injury to Alani Nu, including irreparable injury to its reputation and goodwill.

80.     As the direct and proximate result of AriZona's statutory violations and/or other wrongful conduct, Alani Nu has suffered and will continue to suffer actual injury and the loss of money in an amount to be proven at trial.

81.     AriZona has realized revenue and profits by virtue of their wrongful conduct that it otherwise would not have obtained and to which it is not entitled.

82.     Alani Nu has no adequate remedy at law for AriZona's wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alani Nu prays for judgment against AriZona as follows:

(a)     Under 15 U.S.C. § 1116, AriZona and all those acting in concert with it be permanently enjoined from:

(i)     Using the Infringing Tropsicle Mark and/or any other confusingly similar mark, to advertise, offer for sale and/or sell beverages;

(ii)     Otherwise infringing Alani Nu's TROPSICLE Mark;

(iii)     Unfairly competing with Alani Nu or otherwise injuring its business reputation in any manner;

(b)     Under 15 U.S.C. § 1117, AriZona shall be ordered to pay to Alani Nu damages in an amount sufficient to fairly compensate for the injuries Alani Nu has sustained and will sustain, together with all profits that are attributable to AriZona's Infringing Tropsicle Mark, and further that the amount of the monetary award be trebled in view of the willful and deliberate nature of AriZona's unlawful conduct;

(c)     If Alani Nu elects, statutory damages of up to $2,000,000 per counterfeit mark, per product, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

(d)     Under 15 U.S.C. § 1117, that the case be deemed to be exceptional, in view of the willful and deliberate nature of AriZona's unlawful conduct and/or inaction, and that AriZona be ordered to pay Alani Nu's attorneys' fees and costs;

(e) Under 15 U.S.C. § 1118, AriZona be directed to deliver up for destruction all products, advertisements, labels, signs, prints, packages, and all other materials in its possession, custody or under its control bearing the Infringing Tropsicle Mark.

(f) Under Illinois state law, that AriZona be enjoined from any further use of the word "TROPSICLE" or any marks confusingly similar to TROPSICLE as likely to cause confusion with Alani Nu's TROPSICLE Mark, and that AriZona be ordered to pay Alani Nu damages in an amount sufficient to compensate it fairly for the injuries Alani Nu has sustained and will sustain, together with all profits that are attributable to AriZona's Infringing Tropsicle Mark, and that such awards be trebled in view of AriZona's willful and bad faith conduct;

(g) Any further relief as this Court may deem equitable and proper.

## **JURY DEMAND**

Plaintiff Alani Nu hereby demands a jury trial as to all issues so triable.


Respectfully submitted,

Dated: July 31, 2023     /s/ *Herbert H. Finn*


Herbert H. Finn
Jacqueline V. Brousseau
GREENBERG TRAURIG LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60610
(312) 456 8400 (p)
(312) 456 8434 (f)
finnh@gtlaw.com
jacqueline.brousseau@gtlaw.com


ATTORNEYS FOR PLAINTIFF
ALANI NUTRITION LLC